## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY B. ALLEN, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-336-K |
| | ) | No. 3:96-CR-256-K (1) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Rodney B. Allen's (Movant) motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the following reasons, the Court denies the motion.

## I.  BACKGROUND

After a jury trial, Movant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was subject to a sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had a conviction for Texas robbery and two convictions for Texas aggravated robbery. He was sentenced to 293 months' imprisonment. The judgment was affirmed on appeal. *United States v. Allen*, 136 F.3d 137 (5th Cir. 1998), *cert. denied*, 118 S. Ct. 1399 (1998). Movant's first 28 U.S.C. § 2255 motion was dismissed as barred by the statute of limitations. *Allen v. United States*, No. 3:05-CV-1477-K (N.D. Tex. Jan. 16, 2006).

The Fifth Circuit authorized a successive § 2255 motion on the issue of whether his sentence under the ACCA was proper in light of *Johnson v. United States*, 135 S.Ct.

2551 (2015). *In re Allen*, No. 16-10399 (5th Cir. Jul. 19, 2016). Although Movant is now on supervised release, his § 2255 motion is not moot, because if a ground regarding alleged sentencing error has merit and the movant is on supervised release, a court may grant relief in the form of a reduction in the term of supervised release. See Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (the possibility that the district court may alter the period of supervised release based on the petitioner having served excess prison time, prevents a habeas petition from being moot).

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

## III. ARMED CAREER CRIMINAL ACT

Movant contends that his sentence should not have been enhanced under the Armed Career Criminal Act (ACCA) for his prior Texas robbery and aggravated robbery convictions.

Federal law forbids certain people—such as convicted felons, persons

committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of ] the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows"

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

*Johnson*, 135 S.Ct. at 2555-56. Subsection (i) is known either as the force clause, *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017), or as the elements clause, *United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017). The four offenses listed in subsection (ii) are referred to as the "enumerated offenses," *see United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007), or as the "enumerated offenses clause," *Taylor*, 873 F.3d at 477 n.1. The remainder of the subsection is known as the "residual clause," *Johnson,* 135 S.Ct. 2555-56.

*Johnson* held that the imposition of an increased sentenced under ACCA's residual clause violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively

available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). After *Johnson*, a crime is a violent felony under ACCA only if it is one of the enumerated offenses, or if it qualifies under the force clause. *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam).

## A. <u>Texas Robbery</u>

The Texas robbery statute under which Movant was convicted provided in part:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code § 29.02(a).

The Fifth Circuit has recently held that Texas robbery is a violent felony under the ACCA, regardless of whether the offense was committed by injury or by threat of injury. *United States v. Burris*, 920 F.3d 942, 948-958 (5th Cir. 2019).

## B. <u>Texas Aggravated Robbery</u>

The Texas aggravated robbery statute under which Movant was convicted provided in part:

(a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:

(1) causes serous bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or places another in fear of imminent bodily injury or death, if the other person is:

    (A) 65 years of age or older; or

    (B) a disabled person.

Tex. Penal Code § 29.03(a).

Texas aggravated robbery is a violent felony under the ACCA. *See United States v. Nunez-Medrano*, 751 Fed. Appx. 494, 497 (5th Cir. 2018); *United States v. Lerma*, 877 F.3d 628, 633-36 (5th Cir. 2017). Because robbery is a necessary element of aggravated robbery, *see Lerma*, 877 F.3d at 633-34, and robbery is a violent felony, *see Burris*, 920 F.3d at 948-958, it necessarily follows that aggravated robbery is a violent felony.

## IV. CONCLUSION

For the foregoing reasons, the § 2255 motion is **DENIED** with prejudice.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case, the movant is DENIED a Certificate of Appealability. The movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of

a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If the movant files a notice of appeal, she must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

IT IS SO ORDERED.

Signed July 9th, 2019.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE